In this case the grant of the defendant was prior in date to that of the plaintiff, founded on an entry made before the plaintiff's survey. The plaintiff had an entry prior to that of the defendant, and the question is, whether the plaintiff's entry is special for the land in dispute. The evidence given on the trial is set out in a bill of exceptions, and the error assigned is that the judge misdirected the jury. The plaintiff's entry *Page 269 
calls to adjoin the eastern boundary line of W. Curling, and that to adjoin Howell Tatum's east line. To determine the specialty of the plaintiff's entry, the other entries on which it depends must be examined. Howell Tatum's entry is for 176 acres of land in Smith county on both sides of the dry fork of the east fork of Goose Creek, beginning on the north side of said fork south of Elias Fort's south-west corner, and running an oblong up both sides of said fork, dated February 17, 1807. April 23, 1801, Willis Curling entered 320 acres of land in Smith county on the north side of Cumberland River on the dry fork of Goose Creek, beginning on the east boundary line of a tract of 176 acres now claimed by Howell Tatum, and to run up the creek on both sides for complement, so as to include where John Lamb now lives. June 12, 1812, Armstreet Stubblefield entered 174 acres of land in Smith county on the dry fork of Goose Creek, beginning on Willis Curling's east boundary line, running east and south for complement, including an improvement by Benjamin Ellis. On an inspection of these entries, it would appear as if no difficulty could arise. The beginning of Tatum's entry is well known, and, as it calls to run an oblong up the creek, his east boundary line called for in Curling's entry is mathematically certain.
About this entry, or the mode of running it, there is no dispute. Curling calls to begin on the east boundary line of Tatum's 176-acre tract. It appears by the evidence stated in the bill of exceptions that there is an old line, 105 poles east of Tatum's line, which, in the neighborhood, was generally called Tatum's; but which in fact was a line of a survey made for Fenner and Montflorence.
If there were no other description or call in the entry, it might be doubtful which of these lines Curling intended to join, but all the calls of an entry ought to be taken together to determine the intent. It is to run *Page 270 
up the creek so as to include the place where John Lamb lives. John Lamb lived west of the reputed line; so that if Curling begins in that line, and runs up the creek, he must abandon that call in his entry. But if he begins on the line as it really is, he will include Lamb, and the intent manifested in the face of the entry be effected. The plaintiff's entry calls to begin on Curling's east boundary line. No line was actually run at that time. It must foe supposed that he was acquainted with that entry, and that the object called for particularly it was to include Lamb. This entry is to run east and south, and to include B. Ellis's improvement. Ellis's improvement was well known. It is the place where the defendant resides, and for which he has a grant. No doubt Stubblefield intended by his entry to include it. If he can do so consistently with law he ought to have it. But if he begins on Curling's east boundary line, as Curling intended by his entry, he can not survey in any mode authorized by law so as to reach it. When an enterer designates his beginning and the direction he intends to run, and calls for objects too remote to be reached by the survey, it is believed that he can not abandon his beginning and include these remote objects. He can not in this case be permitted to say I was mistaken; I thought Tatum and Curling would have extended further up the creek, therefore I will survey agreeably to what were my own conceptions at the time. The entry on which his depends could have been ascertained with precision. If he has been deceived on that subject and surveyed improperly, the loss ought not to fall on the defendant. He had good reason to believe himself safe when he ascertained that all three of the entries of Curling, Tatum, and Stubblefield, running in an oblong up the creek, could not reach him. The circuit court judge was of this opinion; my present impressions are, that he was substantially correct in his charge to the jury, and that the judgment ought to be *Page 271 
affirmed. But as a majority of the Court think otherwise, the judgment must be reversed and the cause remanded for a new trial.